**UNITED STATES of America,
Appellee,**

v.

**Zeke GROSS, a.k.a. Zeke A. Gross, a.k.a. Ronnie Gross, Defendant–Appellant.**

**Docket No. 01–1564.**

United States Court of Appeals, Second Circuit.

May 16, 2002.

Lori Gilmore, Assistant United States Attorney, (Kathleen M. Mehltretter, United States Attorney, on the brief), Western District of New York, Rochester, NY, for Appellee.

Robert G. Smith, Assistant Federal Defender, Western District of New York, (Jay S. Ovsiovitch, of counsel), Rochester, NY, for Appellant.

Present JOSÉ A. CABRANES, ROSEMARY S. POOLER, ROBERT A. KATZMANN, Circuit Judges.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of said District Court be and hereby is AFFIRMED.

Defendant Zeke A. Gross timely appeals from a judgment of conviction entered by the United States District Court for the Western District of New York on October 18, 2001. Gross argues that the District Court abused its discretion in upwardly departing during sentencing pursuant to United States Sentencing Guidelines ("U.S.S.G.") § 4A1.3 from criminal history category IV to criminal history category V, and sentencing the defendant principally to a 50 month term of incarceration.

Under U.S.S.G. § 4A1.3, the District Court may depart from the otherwise applicable guideline range where the range "does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes." During the sentencing hearing, the Court noted several facts which indicated that the guideline range did not reflect the seriousness of Gross' prior criminal conduct or his likelihood of committing future crimes, including the following: a guilty plea to one robbery charge in satisfaction for additional other charges for robbery and attempted robbery; a history of violence toward women; and at least four parole violations, several of which included criminal conduct.

The District Court did not abuse its discretion in concluding that an upward departure was appropriate. *See United States v. Khalil*, 214 F.3d 111, 124–26 (2d Cir.2000). Accordingly, we affirm for substantially the reasons stated by Judge Larimer in the October 12, 2001 sentencing hearing.

For the reasons set forth above, the judgment of the District Court is hereby AFFIRMED.